## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  15-05843 |
| | |
| | Chapter   13 |
| ZOE CARDONA TORRES | |
| | Adversary No. 15-00274 |
| **Debtor(s)** | |
| ZOE CARDONA TORRES | |
| **Plaintiff** | |
| vs. | |
| COOPERATIVA DE AHORRO Y CREDITO LA PUERTORRIQUENA | |
| | FILED & ENTERED ON 01/12/2017 |
| **Defendant(s)** | |

## OPINION & ORDER

Before this court is Plaintiff/Debtor's  Zoe Cardona Torres' ("Plaintiff" or "Debtor") *Motion for Partial Summary Judgment* [Dkt. No. 34]; *Plaintiff's Statement of Uncontested Facts* [Dkt. No. 33]; Defendant, Cooperativa de Ahorro y Credito La Puertorriquena's ("Cooperativa") *Reply to Plaintiff's Motion for Summary Judgment*  [Dkt. No. 44]; and, *Plaintiff's Reply to Opposition for*

1

*Partial Summary Judgment* [Dkt. No. 45]. For the reasons set forth below, Plaintiff's *Motion for Partial Summary Judgment* is GRANTED, in part, as to the finding of liability.

**Factual Background**

This complaint stems from Cooperativa's collection of Plaintiff's monies in violation of the automatic stay provision pursuant to 11 U.S.C. § 362. Prior to Plaintiff's chapter 13 bankruptcy petition, Plaintiff acquired a personal loan from Cooperativa in the amount of $5,292.00 dollars. Following the agreement of said loan, on the 14th day of every month, Cooperativa would withdraw from Plaintiff's bank account, an amount of $205.43 dollars, through a direct payment process.

On July 31, 2015, Debtor filed her chapter 13 bankruptcy case. As a result of said filing, on August 3, 2015, a notice was generated through the Clerk's Office of the United States Bankruptcy Court for the District of Puerto Rico which stated in relevant part: "[i]n most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property…if you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized**."** See Docket No. 6 in the legal case 15-05843, 'Notice of Chapter 13, Bankruptcy Case, Meeting of Creditors and Deadlines.' The Certificate of Service found in docket number 7 of the legal case evidences that Cooperativa received notice of Debtor's bankruptcy filing.

In conformity with this court's notification, on August 18, 2015, Cooperativa filed a proof of claim in the amount of $3,846.76. Nonetheless, it appears that Cooperativa did not cease to continue collecting payments from Plaintiff's bank account for an additional two months.

2

**Legal Analysis**

The issue presented to this court is whether Cooperativa willfully violated the automatic stay pursuant to 11 U.S.C. § 362. Pertaining to this issue, the court has previously held that "[t]he automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code." S.Rep. No. 95–989, p. 54 (1978); H.R.Rep. No. 95–595, p. 340 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5840, 5963, 6296. In re Velez Arcay, 499 B.R. 225, 233 (Bankr. D.P.R. 2013). "It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." Id. The automatic stay imposes on creditors an affirmative duty of compliance. Id.

However, the protections afforded by the automatic stay are meaningless if they are not enforced. In re Rosa, 313 B.R. 1,6 (Bankr.D.Mass. 2004) (citing In re Soares, 107 F.3d 969, 971 (1st Cir. 1997). 11 U.S.C. § 362(h), recodified in 2005 as § 362(k) pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act (Pub.L. 109–8, 119 Stat. 23, enacted April 20, 2005), was enacted as a tool to enforce the automatic stay and provide individual debtors with a recourse from violations. It provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h)(2004).

A debtor alleging a violation of the automatic stay has the burden to demonstrate, by a

3

preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed by the respondent, and that the debtor suffered damage as a result of the violation. In re Steenstra, 280 B.R. 560 (Bankr.D.Mass.2002). Punitive damages are available, under "appropriate circumstances," to compensate an individual for violations of the automatic stay. 11 U.S.C. § 362(h)(2004). "Appropriate circumstances in which to award punitive damages is a discretionary matter that has been entrusted to the bankruptcy courts." In re Curtis, 322 B.R. 470, 486 (Bankr.D.Mass.2005). Similarly, the amount in which punitive damages should be awarded is a fact-specific determination subject to bankruptcy court discretion. In re Rosa, 313 B.R. at 8.

The underlying policy beneath the strict guidelines of the automatic stay is to provide debtors with sufficient "breathing space" in order to promote a key bankruptcy goal – equal distribution of the estate. Id. To recover damages, however, the violation of the automatic stay has to be "willful." 11 U.S.C. § 362(k)(1). See also In re McMullen, 386 F.3d 320, 330 (1st Cir. 2004). It follows that a violation is "willful" when: (1) the creditor has knowledge of the pending bankruptcy proceeding; and (2) the creditor's conduct is intentional. Id. (citing Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268-69 (1st Cir. 1999)). That said, in cases where a creditor has received actual notice of the automatic stay, a finder of fact must presume the violation was intentional. Homer Nat'l Bank v. Namie, 96 B.R. 652, 654 (Bankr. W.D. La. 1989).

Cooperativa argues that its conduct was not willful because "the paperwork for the direct debit mistakenly had not been placed in the file and the Cooperativa did not realize that a direct debit

4

was in place." Cooperativa does not dispute that it received notice of the Debtor's bankruptcy case, nor that the debits were made from Debtor's account. A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. See Goichman v. Bloom, 875 F.2d 224, 227 (9th Cir.1989); see also Crysen/Montenay Energy Co. v. Esselen Assocs., Inc., 902 F.2d 1098, 1105 (2d Cir.1990); Cuffee v. Atlantic Bus. and Community Dev. Corp., 901 F.2d 325, 329 (3d Cir.1990). In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. See Homer Nat'l Bank v. Namie, 96 B.R. 652, 654 (W.D.La.1989). The debtor has the burden of providing the creditor with actual notice. However, once the creditor receives notice, the burden shifts to the creditor to prevent violations of the automatic stay. See Mitchell Const. Co., Inc. v. Smith, 180 B.R. 311, 319 (Bankr.N.D.Ga.1995).

In the instant case Defendant Cooperativa's collection efforts against Debtor after she filed for bankruptcy protection constitute a willful violation of the automatic stay as established in 11 U.S.C. § 362. Because Cooperativa had knowledge of the automatic stay, its ensuing violation is deemed intentional. As such, this court finds Defendant to have committed a willful violation of the automatic stay.

WHEREFORE, IT IS ORDERED that in light of the foregoing legal conclusions, Plaintiffs' Motion for Summary Judgment shall be, and hereby is, GRANTED in part, as to the issue of

liability.  The Clerk's Office will schedule a trial to consider the awarding of damages and attorney's fees. A joint pre-trial report will be filed seven (7) days prior to the trial date set by the clerk. Judgment will be entered accordingly.

SO ORDERED

San Juan, Puerto Rico, this 12th day of January, 2017.

Brian K. Tester<br>
U.S. Bankruptcy Judge